UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

DERRECK DICKSON                                                                                 PLAINTIFF

v.                                         CIVIL ACTION NO. 5:19-CV-P163-TBR

OFFICER RYAN BURROW                                         DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Derreck Dickson leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss Plaintiff's official-capacity claim but provide Plaintiff an opportunity to amend his complaint and to provide additional information.

**I.**

Plaintiff brings this action against Officer Ryan Burrow of the McCracken County Sheriff's Department. He sues Defendant Burrow in his official capacity only.

Plaintiff alleges that Defendant Burrow violated his rights by "bringing false charges" against him. Plaintiff states that Defendant Burrow profiled him due to his past criminal history and wrongfully arrested him on February 21, 2019, for first degree possession of a forged instrument, "a fraudulent charge that never occurred."

The Court construes the complaint as setting forth a Fourth Amendment claim for wrongful arrest.

Plaintiff seeks damages and injunctive relief in the form of the termination of Defendant Burrow's employment with the McCracken County Sheriff's Department.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its

legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. Official-Capacity Claim**

The Court first turns to Plaintiff's official-capacity claim against Defendant Burrow. "[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978). Thus, Plaintiff's official-capacity claim is actually against Defendant Burrow's employer, McCracken County. *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights,*

*Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, the complaint indicates that the alleged violation of Plaintiff's constitutional rights was caused by the individual actions of Defendants Burrow during one isolated incident, rather than by a custom or policy implemented or endorsed by McCracken County. Thus, the Court will dismiss Plaintiff's official-capacity claim against Defendant Burrow for failure to state a claim upon which relief may be granted.

**B. Injunctive Relief**

To the extent that Plaintiff requests that Defendant Burrow be terminated from his position at the McCracken County Sheriff's Department, such relief is not available in a § 1983 action. *See, e.g.*, *Ross v. Reed*, No. 1:13-cv-143, 2013 U.S. Dist. LEXIS 44697, at *5-6 (S.D. Ohio Mar. 5, 2013) ("The Court has no authority under § 1983 to direct the . . . police department to initiate any disciplinary proceedings against its employees."); *Theriot v. Woods*, No. 2:09-cv-199, 2010 U.S. Dist. LEXIS 14253, at *10-11 (W.D. Mich. Feb. 18, 2010) (holding

that court "has no authority under 42 U.S.C. § 1983 to . . . terminate the employment of [the defendants]"). Thus, the Court will dismiss Plaintiff's request for injunctive relief for failure to state a claim upon which relief may be granted.

### C. Individual-Capacity Claim

Although Plaintiff has not sued Defendant Burrow in his individual capacity, the Court will allow Plaintiff the opportunity to do so by filing an amended complaint. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

If Plaintiff chooses to amend his complaint to sue Defendant Burrow in his individual capacity, he must provide the Court with additional information regarding the disposition of the charge for which Defendant Burrow arrested him.

The U.S. Supreme Court has held:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

*Wallace v. Kato*, 549 U.S. 384, 393 (2007). In light of *Wallace v. Kato*, if Plaintiff has a criminal case stemming from his allegations that is still pending, it may be necessary for the Court to stay the instant action until completion of the criminal matter. Alternatively, if Plaintiff has been convicted of the charges which he claims were brought illegally, his claims may be barred by the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under the *Heck* doctrine, a state prisoner may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on his claim would render the conviction or

5

sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . - if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Thus, Plaintiff must advise the Court in writing as to the status of the criminal charge(s) Defendant Burrow brought against him so the Court can determine whether this action should be stayed.

**IV.**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claim against Defendant Burrow is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may file an amended complaint**. **To proceed with this action, Plaintiff must indicate that he intends to sue Defendant Burrow in his individual capacity.**

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Order, Plaintiff must provide the Court with the following information regarding his pending state-court criminal proceedings:

**(1) state all charges filed against him arising out of the incident that is the subject of this lawsuit and provide the criminal action number(s) for those charges; and**

**(2) advise whether the criminal proceedings are still pending, whether he has been convicted, or whether the charges have been dismissed; and, if possible, provide a copy of the order or judgment entered in state court.**

The **Clerk of Court** is **DIRECTED** to send Plaintiff page 2 of the complaint form with this case number and the word "Amended" written in the caption.

Plaintiff is **WARNED** that failure to comply with this Order within the time allowed will result in **dismissal** of this action.

Date: November 14, 2019

                                        **Thomas B. Russell, Senior Judge**
                                        **United States District Court**

cc:      Plaintiff, *pro se*
          Defendant
4411.011